**In re William Robert TURNER, Debtor.**

**Bankruptcy No. 88–01466.**

United States Bankruptcy Court,
D. South Carolina.

March 15, 1989.

Elizabeth Atkins, N. Charleston, S.C., for debtor.

Charles S. Altman, Charleston, S.C., for creditor.

## ORDER

WILLIAM THURMOND BISHOP, Bankruptcy Judge.

This matter comes before the court on the objection by Household Finance Corporation (hereinafter HFC) to confirmation of the debtor's Chapter 13 plan filed on October 7, 1988. HFC contends that the plan improperly modifies the terms of the secured obligation owed to HFC, in violation of 11 U.S.C. § 1322(b)(2). The debtor contends that this Chapter 13 plan should be confirmed over the objection of HFC, since the debt owed to HFC is not secured solely by a security interest in the debtor's principal residence and therefore, the proscription against modification of a secured claim found in § 1322(b)(2) is not applicable.

## FACTS

The debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 10, 1988. The schedules filed by the debtor reflect sole ownership of a 1982 Plymouth Reliant as well as an undivided one-half fee simple interest in real property located at 7613 Lady Street, Charleston, South Carolina. The title to the 1982 Plymouth Reliant reflects two outstanding liens. Barclays American is the first lienholder, and HFC is purportedly the second lienholder. The real property is owned jointly with the debtor's non-filing spouse, Mary Lois Turner, and is subject to three outstanding mortgages. HFC holds the third mortgage on the real property.

This court ruled from the bench at the hearing of February 23, 1989, that the sole security for the loan from HFC to the debtor and his spouse was the real property which is the debtor's principal residence.

The Chapter 13 plan filed on October 7, 1988, proposed to pay the claim of HFC in monthly installments of $82 over a period of approximately fifty-two (52) months, with interest at the rate of ten percent (10%) *per annum*. The original contractual agreement between the parties required debtor to pay HFC in monthly installments of $110.25, with a remaining contractual term of approximately thirty-six (36) months at the time the Chapter 13 petition was filed, with interest at the rate of twenty-one and nine-tenths percent (21.9%) per annum.

## ISSUE

Can a Chapter 13 plan modify the contractual rights of a creditor whose claim is secured by real property which is the debtor's principal residence, but owned jointly with a non-filing co-debtor?

## DISCUSSION

11 U.S.C. § 1322(b)(2) states that "the plan may ... modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, ...". The debtor argues that this language allows for modification of a claim such as HFC's because the debtor's wife has an interest in the property that is the debtor's principal residence. Therefore, the claimant is secured by property other than property of the estate. The debtor cites in support of this position 5 *Collier on Bankruptcy* 15th Edition, ¶ 1322.06(1)(a) wherein it states that a claim secured by "property of another" may be modified.

There are no cases cited in *Collier* or by the debtor which indicate that the use of this phrase means that the "property of another" is the jointly-owned principal residence. The logical interpretation of the phrase is that, if the debt is secured by totally separate property of another, then

the claim may be modified. To interpret the words otherwise would be to change the meaning of the law.

## CONCLUSION OF LAW

The language of 11 U.S.C. § 1322(b)(2) is clear and unambiguous. It states that the claim may be modified unless it is secured only by real property which is the debtor's principal residence. This court is of the belief, and so finds, that it is not important in construing this section whether the debtor may have full ownership or an undivided interest, as the undivided interest of the non-filing debtor does not constitute other security. The character and nature of the security is the same, to wit: the debtor's principal residence, regardless of whether it is solely or jointly owned.

It is THEREFORE ORDERED that the Chapter 13 plan of the debtor may not modify the claim of H.F.C.